LECHE, J.
Plaintiff and defendants are the heirs of the late Vincent Deterville Bertrand, who died about the year 1909, and the purpose of plaintiffs in this action is to have certain property acquired in the name of one of the defendants, declared to have been in reality acquired by the deceased, and in the alternative to compel the defendants to account for, by collating, the purchase price of the property.
There are three tracts of land involved in. this suit. One was acquired by Eugenie Emeranthe Bertrand, wife of Edwin Smith and the main defendant, on January 2, 1884, for a cash consideration of $150; another tract was acquired by her on July 2, 18S4, for $225, cash; and a third tract was also acquired by her on July 22, 1886, for a cash consideration of $800.
Mrs. Smith was born March 7, 1865, so that, when the two first sales were made to her, she was still a minor and was represented in each of these transactions by her father, the late Vincent Deterville Bertrand. It is not disputed that Mrs. Smith has ratified the acts of her father in the purchase of 'these lands for her benefit, nor is it disputed that the money paid to the vendors in each of the two acquisitions, as well as that paid when she purchased the third tract of land, after her majority, was delivered to the several vendors by her father, and the only matter in contest is whether the funds with which these payments were made belonged to her or to her father.
The second mentioned piece of land was sold by Mrs. Smith to her sister, Anne Cecilia, wife of Ferdinand Breaux, on Septem.ber 4, 1899, and the latter, for that reason, was also made a defendant herein.
It is admitted that, when the present suit was instituted, on July 28, 1919, the property in controversy had increased in value, and was worth over $2,000.
The late Vincent Deterville Bertrand lived in the prairies between Opelousas and Lafayette, during the days when the prairies were open country and used almost exclusively for the raising of cattle. Farming Was limited to the cultivation of vegetables and other small crops necessary in the maintenance of the household. A man’s wealth was then generally estimated by the number or heads of cattle he might own, and cattle raising was the main, if not the only, industry pursued on a large scale by the inhabitants of that part of Southwest Louisiana. It seems that it was the usual and proper thing among families at that time for the parents and godparents of every new-born child to give it one or more young heifers as a nucleus for its future means of livelihood. Vincent Deterville Bertrand became the father of five or six children, all of whom were thus started in their early childhood, according to the prevailing custom, in the raising of cattle.
It is testified that Bertrand branded as many as 107 calves at a rounding up of his cattle, and that he used special marks to distinguish the cattle belonging to his children; that he sold mostly on the New Orleans market, shipping by boat from New Iberia, that he retained the proceeds of sale, settling with his children according to the number of cattle sold by him for their account.
It is shown that all of Bertrand’s children left the family home about the time they reached the age of majority, except Eugenie Emeranthe, the principal defendant herein, who stayed with her father, doing the household work, until the age of 31, when she married.
Mrs. Smith further testified that the money paid by her father to her several vendors, *729 when she acquired the properties in suit, belonged to her, and had been held by her father as the proceeds of sale of her own cattle.
Her defense to the demand of plaintiffs is not improbable, and is sustained by the evidence. The trial judge so held, and we agree with him.
Judgment affirmed.